. Mario ESCOBAR–GONZALEZ, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 13–71314.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 7, 2014.*

Filed Aug. 11, 2014.

Wayne Spindler, Tarzana, CA, for Petitioner.

James Eugene Grimes, Senior Litigation Counsel, OIL, DOJ–U.S. Department of

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**490**

Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WARDLAW, CALLAHAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Mario Escobar–Gonzalez ("Escobar"), a native and citizen of El Salvador, petitions for review of an Immigration Judge's order denying Escobar's motion to place Escobar in non-expedited removal proceedings and affirming an asylum officer's negative reasonable fear determination. Because Escobar is removable for having been convicted of an aggravated felony, we lack jurisdiction over his petition for review. *See* 8 U.S.C. § 1252(a)(2)(C).

Escobar's conviction under California Penal Code § 289(i) is an aggravated felony because it matches the federal definition of "sexual abuse of a minor." *See* 8 U.S.C. § 1101(a)(43)(A). A conviction under § 289(i) necessarily involves knowingly engaging in a sexual act, a victim within the federally-defined age range,[1] and an age difference of at least four years. *See* 18 U.S.C. § 2243(a). It is irrelevant whether Escobar had knowledge of the victim's age. *See Pelayo–Garcia v. Holder,* 589 F.3d 1010, 1013 (9th Cir.2009) (citing 18 U.S.C. § 2243(d)).

Although we have jurisdiction to review constitutional claims and questions of law,

none of Escobar's remaining claims are colorable. *See* 8 U.S.C. § 1252(a)(2)(D). The Government may place aliens who entered without inspection in expedited removal proceedings on the ground that they have been convicted of an aggravated felony. *See United States v. Hernandez–Vermudez,* 356 F.3d 1011, 1012 (9th Cir.2004). Even if we assume that Escobar exhausted his challenge to the agency's clerical error, he has not demonstrated prejudice. *See Chowdhury v. INS,* 249 F.3d 970, 973 n. 2 (9th Cir.2001). Escobar has no cognizable liberty interest in applying for a visa. Finally, a petition for review is not the proper avenue to challenge the denial of a bond hearing. *See Aguilar–Ramos v. Holder,* 594 F.3d 701, 704 n. 3 (9th Cir.2010).

**DISMISSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. If the victim of Escobar's offense was between 12 and 15, his conviction would correspond to 18 U.S.C. § 2243(a)(1). If the victim was under 12, his conviction would be an aggravated felony under 18 U.S.C. § 2241(c), which makes it a felony to "engage in a sexual act with a person who has not attained the age of 12 years...."